UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ESTATE OF JAMES HARRY STEIN, *with*
*Jeannine Marie Stein as personal*
*representative of the Estate*, *et al.*,

       Plaintiffs,

   v.

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN,

       Defendant.

Case No. 6:25-cv-02209-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Jeannine Marie Stein, as personal representative of the Estate of James Harry Stein ("Plaintiff" or "the Estate") alleges that Defendant Foremost Insurance Company breached their Homeowners Insurance Policy ("the Policy") and the duty of good faith and fair dealing by failing to pay Plaintiff's damages. Defendant moves for summary and argues that Plaintiff's claims are time-barred under the Policy's terms. ECF No. 12. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

The material facts of this case are undisputed and taken in the light most favorable to Plaintiff for purposes of this motion.

Page 1 — OPINION AND ORDER

James Harry Stein, now deceased, was the owner of property in Eugene, Oregon. Compl. ¶¶ 1, 9, ECF No. 1. Mr. Stein was the named insured on a Homeowners Insurance Policy issued by Defendant Foremost Insurance Company. *Id.* ¶¶ 9, 11; Robinson Decl. Ex. 3, ECF No. 13-3.

Mr. Stein passed away on April 22, 2022. Compl. ¶ 9. Plaintiff alleges that on July 13, 2022, the property was damaged by a theft. *Id.* ¶ 13. Plaintiff submitted a claim to Defendant for the damage on or about July 13, 2022. *Id.* ¶ 14; Def.'s Reply 2, ECF No. 15. Plaintiff alleges that "Defendant paid some, but not all, of [P]laintiff's damages covered under the Policy due to the loss." Compl. ¶ 18; *see also* Def.'s Reply 2 ("The parties were unable to agree on the coverage and amount of the claim.").

On September 13, 2023, Jeannine Stein filed suit against Defendant in another case in this District, Case No. 6:23-cv-01331-AA, bringing the same allegations as in this case. Robinson Decl. Ex. 1, ECF No. 13-1. Defendant moved for summary judgment and argued that Mrs. Stein was not an insured and was not the real party in interest because she brought the claims on her own behalf rather than on behalf of the Estate. Robinson Decl. Ex. 2, at 6, ECF No. 13-2. Judge Aiken granted summary judgment to Defendant because Mrs. Stein was "not an insured under the Policy and ha[d] no right to seek coverage for losses . . . in her own right." *Id.* at 12. Judge Aiken also held that Mrs. Stein was not the real party in interest and declined to allow substitution or amendment of the complaint. Judge Aiken found that "Plaintiff made a strategic, if unwise, decision to avoid formal probate of Mr. Stein's estate" and therefore "the failure to name the correct party was not an understandable or honest mistake." *Id.* at 13. Accordingly, on June 3, 2025, that case was "dismissed without prejudice to allow the case to be brought in the name of the correct party." *Id.* at 16.

Page 2 — OPINION AND ORDER

Plaintiff filed the instant Complaint on December 1, 2025, and Defendant moved for summary judgment on March 4, 2026. ECF Nos. 1, 12.

## STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630-31.

## DISCUSSION

Defendant argues that summary judgment is appropriate because Plaintiff's claims are time-barred under the terms of the Policy, because this action was not "started within two years after the date of loss." Def.'s Mot. 4; Robinson Decl. Ex. 3, at 49. In response, Plaintiff contends that a savings statute, Or. Rev. Stat. § ("ORS") 12.220, applies and extends the Policy's

limitations provision. The Court first discusses the provisions at issue and then considers whether

Plaintiff's claims are timely.

## I.    Time Limitations & Savings Statute

To start, Oregon law requires fire insurance policies to contain a clause that states:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 24 months next after inception of the loss.

ORS 742.240. "This statute also applies generally to property insurance policies even if a fire did

not cause the damage at issue." *Malbco Holdings, LLC v. AMCO Ins. Co.*, 2008 WL 5205202, at

*16 (D. Or. Dec. 11, 2008) (citations omitted). In accordance with that statute, the Policy at issue

provided that:

> No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss.

Robinson Decl. Ex. 3, at 49.

The parties do not dispute that this action was filed more than two years after the date of

loss and is thus untimely under the terms of the Policy. But Plaintiff contends that ORS 12.220

applies and allows this case to survive. That statute provides, in relevant part:

> (1) [I]f an action is filed with a court within the time allowed by statute, and the action is involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action, . . . and the statute of limitations for the action expired, the plaintiff may commence a new action based on the same claim or claims against a defendant in the original action if the defendant had actual notice of the filing of the original action . . .
>
> (2) If, pursuant to subsection (1) of this section, a new action is commenced . . . not later than 180 days after the judgment dismissing the original action is entered in the register of the court, the new action is not subject to dismissal by reason of not having been commenced within the time allowed by statute.

ORS 12.220(1)-(2).

Page 4 — OPINION AND ORDER

**II.    Whether Plaintiff's Claims Are Timely**

The issue before the Court is whether ORS 12.220 applies such that, notwithstanding the Policy's two-year limitation, Plaintiff's action in this case is timely.

Plaintiff argues that ORS 12.220 applies under *Hatley v. Truck Ins. Exchange*, 261 Or. 606 (1972). In that case, as required by an Oregon statute, the defendant insurance company's policy required any action to be "commenced within 12 months" of the alleged loss. *Id.* at 609-10. The plaintiff's first action against the defendant was timely filed in federal court but dismissed for lack of jurisdiction. *Id.* at 609-10. The plaintiff initiated a new action outside of the policy's 12-month limitation. *Id.* at 610. "Plaintiff relie[d] entirely on [Oregon's] 'saving' statute, ORS 12.220," to contend that the second action was timely under the policy. *Id.* at 610. There, as here, the defendant "argue[d] that ORS 12.220 does not apply when the applicable limitation period is specified by contract rather than by statute." *Id.*

The Oregon Supreme Court rejected that argument. *Id.* at 611. Because the policy's 12-month limitation was required by a statute, like ORS 742.240 outlined above, "[i]t is, in effect, a statutory limitation period, and is governed by ORS 12.220, which allows the plaintiff additional time in which to file a new action in certain cases[.]" *Id.* at 610-12. Accordingly, because the plaintiff's first case was timely filed and involuntarily dismissed without an adjudication on the merits, ORS 12.220 saved the case from dismissal despite the policy's 12-month limitation provision. *Id.* at 614-15. The court further noted:

> [ORS 12.220] is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law.

*Id.* at 612.

Defendant argues that *Hatley* was superseded by *Ben Rybke Co. v. Royal Globe Ins. Co.*, 293 Or. 513 (1982), such that ORS 12.220 may not extend the Policy's contractual suit limitation. Defendant is incorrect. The *Rybke* court considered but did not displace the holding in *Hatley*. Rather, *Rybke* distinguished the facts in that case from the facts in *Hatley*, holding that "[t]he general wording" of ORS 12.220 made possible *Hatley*'s holding that ORS 12.220 extends a contracted limitations period. *Id.* at 517-18. The court noted that the statute at issue in *Rybke*, ORS 12.155, was "[u]nlike the statute[] considered in" *Hatley*. *Id.* at 518. That was because ORS 12.155 specifically referred to a "limitation . . . *set by the applicable statute of limitations*." *Id.* at 515-16 (emphasis added). When the *Hatley* court considered ORS 12.220, by contrast, that statute referred more broadly to "the time prescribed" and "the time limited for bringing a new action." *Hatley*, 261 Or. at 610. Accordingly, "[t]he plain words of ORS 12.155 [did] not allow an expansive reading such as that previously accorded to" ORS 12.220. *Rybke*, 293 Or. at 518. *Rybke* did not supersede *Hatley*, but rather, answered a different question entirely.

The language of ORS 12.220 has changed since *Hatley*, but not in a way that invalidates that court's holding. As noted, in 1972, the statute allowed a plaintiff to bring a new action in certain circumstances "after the time limited for bringing a new action." *Hatley*, 261 Or. at 610. Like the 1972 statute, and unlike ORS 12.155 considered in *Rybke*, the modern ORS 12.220 does not specify that it applies only to limitations "set by the applicable statute of limitations." *Rybke*, 293 Or. at 515-16. Accordingly, *Hatley* remains controlling on the question of whether ORS 12.220 applies to extend a limitations period provided in an insurance policy as required by ORS 742.240. That is precisely the question before this Court.

Defendant also argues that, even if ORS 12.220 applies, Plaintiff does not meet its requirements. As noted above, ORS 12.220 allows a plaintiff up to 180 days to file a new action

"based on the same claim or claims" where (1) "an action is filed with a court within the time allowed by statute"; (2) "the action is involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action"; (3) "the statute of limitations for the action expired"; and (4) "the defendant had actual notice of the filing of the original action." ORS 12.220.

Defendant disputes the second requirement and contends that Plaintiff's action was not dismissed "on any ground not adjudicating the merits of the action." ORS 12.220. Here, the merits of this case depend on whether Defendant improperly failed to pay Plaintiff's claim for insurance coverage, in breach of the Policy. Defendant contends that Plaintiff's first case was adjudicated on the merits because Judge Aiken dismissed the case for failure to name the real party in interest. The dismissal was explicitly "without prejudice to allow the case to be brought in the name of the correct party." Robinson Decl. Ex. 2, at 16.

Defendant's argument is unavailing. First, a dismissal for failure to name the real party in interest is not a dismissal on the merits. Second, a case that is "dismissed without prejudice . . . leaves open the possibility for future litigation and has not, therefore, been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Continental Ins. Co. v. N.A.D., Inc.*, 16 Fed. Appx. 659, 661 (9th Cir. 2001) (mem.) ("A dismissal without prejudice is not an adjudication on the merits[.]"); *Porter v. Veenuisen*, 302 Or. App. 480, 484 (2020) ("Because the court dismissed plaintiff's claim *without* prejudice . . . plaintiff would be free to refile the same claim within 180 days" under ORS 12.220). Additionally, "[t]here is a strong policy in favor of allowing a case to be heard on its merits." *Continental Ins. Co.*, 16 Fed. Appx. at 662. Holding that Judge Aiken's dismissal was an adjudication on the merits would be an improperly narrow construction of ORS 12.220, which "is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits." *Hatley*, 261 Or. at

612; *Porter*, 302 Or. App. at 484 ("Indeed, the very purpose of the saving statute is to assure claimants their 'day in court' in precisely these types of circumstances.").

For those reasons, Plaintiff was entitled to file a second action within 180 days of the first case's dismissal. Plaintiff's claims are not barred by the Policy's two-year limitation provision, but rather, "the new action is not subject to dismissal by reason of not having been commenced within the time allowed by statute." ORS 12.220(2).

The Court is satisfied that Plaintiff's claims are not time-barred under the Policy and declines to reach Defendant's other arguments, made for the first time in its Reply brief, ECF No. 15. *Zamani v. Carnes*, 492 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment (ECF No. 12) is DENIED.

DATED this <u>8th</u> day of July 2026.

_____
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 8 — OPINION AND ORDER