R. Scott Taylor, OSB No. 743242
R. Scott Taylor, Insurance Attorney P.C.
542 Lawrence St.
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylorinsurancelaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JEANNINE STEIN,<br><br>Plaintiff,<br><br>v.<br><br>FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN,<br><br>Defendant. | CASE NO.: 6:25-cv-02209-MTK<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>ORAL ARGUMENT REQUESTED |

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 36-3(b), 54-1(c), or 54-3(e) because it contains less than 11,000 words, or, in the alternative, less than 35 pages, including headings, footnotes, and quotations, but excluding the caption, table of contents, tables of cases and authorities, signature block, exhibits, and any certificates of counsel.

**INTRODUCTION**

On April 22, 2022, James Stein (hereafter "deceased") passed away, leaving most of his property to his wife, Jeannine Stein (hereafter "Stein"), including a house at 3362 Wisteria St., Eugene, OR ("Wisteria" or "property"). At the time, he had a Homeowners Insurance policy with

Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost" or "Defendant") on the property, the term of which expired on June 18, 2022, and was renewed for the following year.

On July 13, 2022, Jeannine Stein, deceased's wife who inherited the property, discovered the property had been damaged due to vandalism, and submitted a claim to Defendant via deceased's recently renewed Homeowners Policy. Defendant accepted the claim and paid something on the claim, but a dispute persisted as to the value to fix the property, which led to Stein filing case number 6:23-cv-01331-AA (hereafter "first case") on September 13, 2023. Stein filed the case in her own name ("Jeannine Stein"), disclosing in the Complaint that her husband James was the named insured, but that she was the beneficial owner of the property at the time of the loss. See Court File 1-Complaint-Case no. 6:23-cv-01331-AA (First Case).

Defendant filed a Motion for Summary Judgment on September 6, 2024, which argued that Jeannine Stein was not an insured based on the terms of the Policy at the date of the loss. See First Case CF 14-Def. MSJ. On June 3, 2025, Judge Ann Aiken published her opinion and order dismissing the first case, which stated that the case was "DISMISSED without prejudice to allow the case to be brought in the name of the correct party." First Case CF 27-Opinion and Order.

The current case has been brought by Jeannine Stein now as Personal Representative of the Estate of James Stein ("Plaintiff" or "Estate"), as a correction to the first case's dismissal. The Estate filed this new, second case within the 180-day window after the dismissal without prejudice of the first case as is required in ORS 12.220. ORS 12.220.

Defendant's Motion to Reconsider asks the Court to essentially reverse both its own previous MSJ decision and the First Case's Opinion with no legal basis. The First Case dismissed the case without prejudice with a consideration that the case could be refiled in the name of the correct party via the parameters of ORS 12.220. The Court's current decision that Defendant


R. Scott Taylor, Insurance Attorney, PC
542 Lawrence St., Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 246 - 2424

demands the Court reconsider agreed that the case was brought within the parameters of the statute. There is no evidence that the Court should now reconsider the two earlier decisions.

## STATEMENT OF FACTS

The Policy was initially issued to Mr. Stein for the 2021-2022 period and was subsequently renewed for the period of June 18, 2022, through June 18, 2023. James Stein was the only named insured on the Policy, and Jeannine Stein was the wife of James Stein. The Steins resided nearby but never lived in the Wisteria House.

On April 22, 2022, James Stein passed away. Following his death, Jeannine Stein became the sole owner of the Wisteria House. Foremost was not notified of Mr. Stein's death at the time of the Policy's renewal in June 2022. Foremost subsequently issued the renewal policy in James Stein's name on June 18, 2022. On July 13, 2022, Jeannine Stein discovered the property was vandalized. On October 25, 2022, Foremost issued payment to the Estate of James Stein in the total amount of $40,852.97, representing the Actual Cash Value of the dwelling and personal property losses, less the deductible.

Jeannine Stein filed the complaint for the first case in her individual capacity on September 13, 2023, with the first case number 6:23-cv-01331-AA. Defendant filed its Motion for Summary Judgment on September 6, 2024, and the case was ultimately dismissed without prejudice on June 3, 2025. First Case CF 27-Opinion and Order; and see First Case CF 29-Judgment Dismissal Without Prejudice. 180 days after June 3, 2025, is December 1, 2025. On December 1, 2025, Jeannine Stein was appointed Personal Representative of the Estate of James Stein, and initiated this complaint on behalf of the Estate on the same date. CF 1-Complaint (this case).

## STANDARD OF REVIEW

### Summary Judgment

Summary Judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. FRCP 56(a). The moving party must initially show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.


R. Scott Taylor, Insurance Attorney, PC
542 Lawrence St., Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 246 - 2424

317, 323 (1986). The opposing party must then show a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A material fact is “genuine” only where the evidence is such that a reasonable jury could find in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). “The mere existence of a scintilla of evidence in support of the non-moving party’s position is not sufficient.” Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). “[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor.” Id.

## ARGUMENT

The first case was dismissed without prejudice on June 3, 2025. First Case CF 27 and 29. In her opinion, Judge Ann Aiken stated that the case was dismissed without prejudice “to allow the case to be brought in the name of the correct party.” First Case CF 27-Opinion and Order. The reasoning for the dismissal of the first case was that the policy stopped covering insureds who were not named in the policy that were covered as family members once the named insured passed. Id. As Jeannine Stein was not a named insured and was not an insured as a “family member” through the terms of the policy, the Court found that she did not have standing to sue on the policy as she was not an insured in the policy. Id.

Because the issue was that the wrong plaintiff was named, and because the litigation was so advanced at the time of the Motion and resulting Opinion, the Court determined that the case should be dismissed without prejudice to allow plaintiff to bring the case again rather than allowing plaintiff to amend the complaint to substitute a new plaintiff. Id. The Court’s opinion contemplates the case being brought again in the reasoning and wording in the published opinion. Id.

ORS 12.220(1) states that the plaintiff may commence a new action based on the same claims against a defendant in the original action if the defendant had actual notice of the filing. ORS 12.220. In the present case, the loss is the same; the property is the same; the Defendant is the


R. Scott Taylor, Insurance Attorney, PC
542 Lawrence St., Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 246 - 2424

same; the policy is the same; the damages are the same; the venue is the same; counsel is the same; and all of the actions are the same as the original case.

In the first case, plaintiff attempted in its MSJ Response to request leave to amend the complaint to change the name of the plaintiff, as justice so requires. First Case CF 27. The Court determined that plaintiff in that case took too long to request leave to amend, and that an amendment at that late hour would prejudice Defendant. Id. Normally, under FRCP 15(c), plaintiff is allowed to amend its pleading if it made a "misnomer" in naming the wrong plaintiff so long as it is timely. Fed. R. Civ. P. 15(c). The key issue in the policy behind the Federal Rule is normally not the naming of the plaintiff, but the statute of limitations, which the Court has already determined in the present case to be a non-issue based on Oregon statute and case law. Id.

By denying plaintiff's ability to amend under FRCP 15(c) or 17(a)(3) the Court did not wish to deny plaintiff its chance at a day in court, as it stated when it dismissed the case without prejudice to allow it to be brought in the name of the correct party. Id. Instead, in the interest of justice, it noted that it would cause undue prejudice to allow plaintiff to substitute the estate as plaintiff in the first case but allowed that the case itself could be resurrected so long as the correct party at interest was named. This was the reasoning for the dismissal without prejudice and language used by the Court. Defendant here has failed to show that the statute was meant to exclude just this type of dismissal without prejudice, and instead takes a second bite at a Motion to Dismiss (a third if you include the First Case's MSJ) while trying to prevent plaintiff from doing the same.

## CONCLUSION

This Court has determined that plaintiff timely filed the present action based on Oregon case law and statute. Defendant raises a new issue as far as the interpretation of the word "plaintiff" in the statute at issue. Defendant however ignores the policy behind the statute, the facts of the case, and the language and intent of the Court when it dismissed plaintiff's first case. Therefore, the case should not be dismissed for the reasons Defendant stated in its Motion for Reconsideration.


R. Scott Taylor, Insurance Attorney, PC
542 Lawrence St., Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 246 - 2424

DATED: July 30, 2026

**Taylor Insurance Law, P.C.**

s/ R. Scott Taylor

R. Scott Taylor, OSB No. 743242
Scott@taylorinsurancelaw.com
Of Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below I served a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION

Was served by:

__X__ Electronic Mail: fjm@mlrlegalteam.com; bvr@mlrlegalteam.com

Foremost Insurance Company Grand Rapids, Michigan

By and through Defendant's counsel for the above:

Francis J. Maloney III, OSB No. 953441

Blake Robinson, OSB 053647

MALONEY LAUERSDORF REINER PC

1111 E. Burnside St., Ste. 300

Portland, OR 97214

T: 503.245.1518

F: 503.245.1417

DATED: July 30, 2026

_____s/ R. Scott Taylor_______

R. Scott Taylor, OSB No. 743242
Attorney of Record for Plaintiff
scott@taylorinsurancelaw.com

R. Scott Taylor, Insurance Attorney, PC
542 Lawrence St., Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 246 - 2424